**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| JESUS ARREOLA-CASTILLO, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-1476-SEB-DML |
| | ) | IP 05-64-CR-07-B/F |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |

**Entry Discussing Motion for Relief Pursuant to 28
U.S.C. ' 2255 and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Jesus Arreola-Castillo for relief pursuant to 28 U.S.C. ' 2255 must be **denied** and this action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**Motion for Relief Pursuant to 28 U.S.C. ' 2255**

**I. Background**

On June 14, 2006, Arreola-Castillo was found guilty by a jury of the conspiracy to distribute one thousand kilograms or more of marijuana. Arreola-Castillo appealed his sentence to the Seventh Circuit. The evidence at trial was that Arreola-Castillo was seen fleeing the scene where a substantial quantity of marijuana was found and was caught nearby shortly thereafter. The evidence also included testimony of a co-conspirator of Arreola-Castillo's describing his role in the conspiracy. Because he had two prior felony convictions, Arreola-Castillo received the mandatory life sentence. The Seventh Circuit affirmed. *See United States v. Arreola Castillo*, 539 F.3d 700 (7th Cir. 2008).

**II. Discussion**

Arreola-Castillo moves for relief pursuant to 28 U.S.C. § 2255. A court may grant relief pursuant to ' 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28

U.S.C. § 2255(a). Claims of ineffective assistance of counsel may be raised during a collateral challenge. *See Massaro v. United States,* 538 U.S. 500 (2003). Also, "[a]lthough res judicata does not apply in § 2255 proceedings, 'the court may still exercise its discretion not to reconsider issues already decided at trial, on direct appeal, or in prior § 2255 proceedings.'" *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) (quoting *Taylor v. United States,* 798 F.2d 271, 273 (7th Cir. 1986)).

Arreola-Castillo claims that his counsel was ineffective in a number of ways. For each specification of ineffectiveness of counsel, he must satisfy the elements of the test laid out in *Strickland v. Washington,* 466 U.S. 668 (1984). First, Arreola-Castillo must show that "counsel's representation fell below an objective standard of reasonableness." *See Strickland*, 466 U.S. at 687-88. Next, he must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See id.* at 694. A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 668, 688–89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

*Strickland* requires that counsel's performance be evaluated as a whole rather than focus on a single failing or oversight. *Peoples v. United States,* 403 F.3d 844, 848 (7th Cir. 2005). "It is essential to evaluate the entire course of the defense, because the question is not whether the lawyer's work was error-free, or the best possible approach, or even an average one." *Williams v. Lemmon,* 557 F.3d 534, 538 (7th Cir. 2009); *see also Balfour v. Haws*, 892 F.2d 556, 562-63 (7th Cir. 1989) (noting that for specific allegations of ineffective assistance courts must "weigh the overall quality of representation provided to the defendant" and not individual shortcomings).

### A. *Admission of Evidence*

Arreola-Castillo argues that his counsel was ineffective when she failed to object to evidence introduced at trial. To support this assertion, Castillo quotes several pages of trial transcript in which a number of government exhibits are admitted into evidence without objection. Castillo does not, however, specify which of those exhibits could have been properly excluded, the basis upon which each of the exhibits was excludable, or how the admission of such exhibit, if excludable, prejudiced him.

Determining whether or not to object in such circumstances is a tactical trial decision that rarely rises to the level of ineffective assistance. *See, e.g., United States v. Davis*, 36 F.3d 1424, 1433 (9th Cir. 1994) (defendant did not receive ineffective assistance of counsel when counsel stipulated that cocaine seized by undercover agent was cocaine where it appeared that counsel sought to prevent further presentation of harmful evidence to the jury and made a reasonable strategic

decision toward that end); *United States v. Downs-Moses*, 329 F.3d 253, 265 (1st Cir. 2003) (counsel's performance in stipulating that forensic chemist would have testified that 28 bales recovered from ocean contained 975 grams of cocaine at defendant's trial for possession with intent to distribute cocaine was not deficient – stipulation spared defendant spectacle of 28 bales of cocaine on parade before jury); *Gil v. United States*, 4 F. Supp. 2d 760, 767 (N.D. Ill. 1998) (defense counsel's decision, in trial on drug charges, to agree to stipulate testimony to amount of cocaine seized was tactical one and, thus, not ineffective assistance of counsel).

Arreola-Castillo has not shown how the admission of the exhibits was erroneous and therefore how his counsel was ineffective in not objecting to the admission of this evidence.

### B. *Cross-examination of witnesses*

Arreola-Castillo next argues that his counsel failed to make effective use of Jencks Act materials provided by the government. He asserts generally that his attorney failed to properly use the material to cross-examine witnesses. He does not argue specifically how his attorney could have better cross-examined those witnesses.

With respect to cross-examination of witnesses, "a wrong question, or series of them, in a criminal trial would seldom be considered as decisive elements of effective assistance." *Lane v. LeFevre,* 705 F. Supp. 88, 95 (N.Y.N.Y. 1989), *aff'd*, 891 F.2d 277 (2d Cir. 1989). "Whether the cross-examination of a witness is perfunctory, and properly so, depends on the strategic judgment made in the tensions of a criminal trial." *Id.* Castillo has not identified how his trial counsel's examination of any particular witness was substandard or what evidence counsel should have used for impeachment purposes. He also has not shown how his counsel's examination of witnesses prejudiced him.

### C. *Stipulation of Test Results*

Arreola-Castillo also challenges the stipulation of laboratory test results regarding the amount of drugs seized in his case. He argues that he can show that this stipulation was prejudicial because it was the only piece of evidence tying him to the offense. Whether or not to enter into a stipulation is part of an attorney's trial strategy. *See United States v. Hope,* 906 F.2d 254, 264 (7th Cir. 1990). Arreola-Castillo has not shown that his attorney made a bad tactical decision here. First, the amount of drugs was not the only evidence connecting him to the crime. The jury heard witness testimony from law enforcement officers who saw him flee the scene and arrested him nearby a short time later and testimony from a co-conspirator detailing his part in the drug-dealing operation. In addition, Arreola-Castillo

provides no evidence to support an argument that the test results were incorrect or that an objection to the stipulation would have been sustained.

### D. *Alibi defense witnesses*

Arreola-Castillo next argues that he received ineffective assistance of counsel when trial counsel introduced an inadequate alibi defense. Arreola-Castillo argues that his attorney prejudiced his defense by calling his wife to testify, because this allowed the government to ambush the defense with rebuttal evidence.

At trial, the government presented testimony from law enforcement officers that Arreola-Castillo was seen fleeing the scene where a large amount of marijuana was seized. He was arrested nearby a short time later. The government also presented testimony of a co-conspirator of Arreola-Castillo's regarding their drug-dealing operation. The defense presented the testimony of Arreola-Castillo's wife that she did not observe him to be part of drug-dealing. On cross-examination, the government had Arreola-Castillo's wife identify the sound of Arreola-Castillo's voice in a taped conversation. In presenting its rebuttal evidence, the government then used her identification to introduce recorded conversations of Arreola-Castillo discussing drug dealing. Arreola-Castillo asserts that his counsel was ineffective for presenting his wife as a witness and therefore giving the government the opportunity to use her to authenticate his voice on those recorded conversations.

Trial strategy, including a choice of witnesses, enjoys a presumption of reasonableness. *Olmstead v. United States*, 55 F.3d 316, 320 (7th Cir. 1995). The government's case against Arreola-Castillo was strong – including identification by law enforcement officers and testimony by a co-conspirator. It was not ineffective for his counsel to present the only apparent witness in his defense.

### E. *Motion for Mistrial or Judgment of Acquittal*

Arreola-Castillo next alleges that his counsel failed to move for a mistrial or for a judgment of acquittal at the conclusion of the government's case. The decision whether to move for a mistrial or instead to proceed to judgment with the expectation that the client will be acquitted is one of trial strategy. *Galowski v. Murphy*, 891 F.2d 629, 639 (7th Cir. 1989). In addition, counsel cannot be deemed ineffective for failing to move for a mistrial on frivolous or nonexistent grounds which, if asserted, would surely fail. *See United States v. Carter*, 355 F.3d 920, 924 (6th Cir. 2004); *Owens v. Wainwright*, 698 F.2d 1111, 1114 (11th Cir. 1983). *See also Stewart v. Gilmore*, 80 F.3d 1205, 1212 (7th Cir. 1996) ("failure to raise such a meritless claim could not possibly constitute ineffective assistance of counsel."). Arreola-Castillo argues that the government ambushed the defense during the rebuttal phase of his trial. To the extent Arreola-Castillo challenges the government's use of wiretap conversations on rebuttal, the use of this evidence is not grounds for a mistrial. It was not ineffective

not to request a mistrial on these grounds. To the extent Arreola-Castillo argues that his counsel should have moved for judgment of acquittal, the court cannot find based on the evidence against him, that such a motion would have been successful. It was not ineffective trial strategy not to request relief that would not be granted.

### F. *Expert witnesses*

Arreola-Castillo also argues that his counsel was ineffective for failing to present an expert witness regarding evidence of wiretap conversations. "Complaints of uncalled witnesses are not favored in federal habeas review." *Montgomery v. Petersen*, 846 F.2d 407, 415 (7th Cir. 1988) (quoting *Murray v. Maggio,* 736 F.2d 279, 282 (5th Cir. 1984)). *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996) ("[I]t is the rule of this Court that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions."). In order to establish prejudice resulting from a failure to investigate, the defendant must make "'a comprehensive showing of what the investigation would have produced.'" *Granada v. United States*, 51 F.3d 82, 85 (7th 1995) (quoting *United States v. Balzano,* 916 F.2d 1273, 1296 (7th Cir. 1990)).

Here, Arreola-Castillo's wife and partner of many years identified his voice on the wiretap conversations. The failure of Arreola-Castillo's counsel to use expert testimony to rebut this evidence was not ineffective.

### G. *Move for a new trial based on newly discovered evidence*

Arreola-Castillo next argues that his counsel was ineffective for failing to move for a new trial based on newly discovered evidence. Arreola-Castillo argues that at sentencing his attorney informed the court that one of the prosecution's witnesses wanted to recant his previous testimony and the court would not allow that statement. Arreola-Castillo appears to be referring to the testimony of a witness to the grand jury that was used to determine the amount of drugs that should be considered in deciding his sentence. Arreola-Castillo provides no evidence aside from his attorney's general comment at sentencing that this witness had recanted his testimony and no evidence of what he would have testified to. There was ample evidence at trial and sentencing regarding Arreola-Castillo's involvement in drug activity and he was convicted of conspiracy to distribution 1000 kilograms of marijuana. Arreola-Castillo has not shown that this asserted newly discovered evidence would have supported a motion for a new trial

### H. *Hearsay evidence*

Arreola-Castillo also asserts that his counsel was ineffective for failing to challenge hearsay evidence of unavailable witnesses in violation of *Crawford v. Washington*. This claim appears to be based on the same evidence Arreola-Castillo

asserts would have entitled him to a new trial. Arreola-Castillo has not shown that counsel was ineffective for failing to object to it. Hearsay is admissible at the pretrial stage of a criminal prosecution, as well as in sentencing proceedings. *See United States v. Severson*, 49 F.3d 268, 271 (7th Cir. 1995); *United States v. Jarrett,* 705 F.2d 198, 208 (7th Cir. 1983). In addition, Arreola-Castillo has not shown how testimony regarding drug amounts used at sentencing could have prejudiced him. Arreola-Castillo received a mandatory sentence of life imprisonment because he had two or more prior felony drug convictions. *See Arreola-Castillo,* 539 F.3d 700. The propriety of that sentence was expressly upheld on direct appeal. *Id.*

### I. *Appellate Counsel*

Arreola-Castillo also argues that his appellate attorney was ineffective for failing to raise meritorious issues on direct appeal. He asserts that his appellate attorney should have argued that his trial attorney was ineffective, that the trial court abused its discretion in striking a question and answer his attorney asked a witness regarding his recollection of a taped conversation, the trial court abused its discretion in prohibiting the defense from introducing exhibits regarding the plea agreement of a prosecution witness, and in allowing prejudicial rebuttal testimony and evidence by the government.

Appellate counsel is deemed ineffective only if he or she fails to raise appellate issues that are (1) obvious, and (2) clearly stronger than the ones raised. *See Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994). "In the context of an appeal, counsel need not raise every conceivable argument that is supported by the record." *Hollenbeck v. United States*, 987 F.2d 1272, 1275 (7th Cir. 1993).

Arreola-Castillo has not shown that any of these arguments would have been successful on appeal or stronger than the appellate arguments his counsel did make. His appellate counsel was not ineffective for failing to make arguments that likely would not have been successful.

### J. *Notice of Enhancement*

Arreola-Castillo also argues that his counsel was ineffective for failing to challenge the notice of enhancement of a mandatory life sentence under 21 U.S.C. § 851. He asserts that he was served a vague bill of information that did not provide him notice of the potential for a mandatory life sentence. He also argues that his counsel was ineffective for failing to advise him that he would be facing a mandatory life sentence if found guilty. He argues that he did not have adequate information to decide whether to enter a plea or go to trial.

Arreola-Castillo was served two Bills of Information and argues that neither of them provided notice of the potential for a mandatory life sentence. Arreola-Castillo

does not describe how these Bills of Information were vague and the court does not discern vagueness in them. In addition, Arreola-Castillo's challenge to these Bills of Information was rejected on appeal. *Arreola-Castillo*, 539 F.3d at 706. To the extent Arreola-Castillo argues that he was misadvised regarding the potential for a mandatory life sentence, Arreola-Castillo has not shown that he was prejudiced by any error by counsel. To support his assertion that his counsel misadvised him Arreola-Castillo points to the sentencing transcript in which his attorney attempts to argue for a shorter sentence based on the amount of marijuana distributed despite the fact that a life sentence is mandatory in these circumstances. Regardless of his attorney's arguments at sentencing, Arreola-Castillo has not shown that he was prejudiced by any bad advice. First, Arreola-Castillo was advised of the mandatory life sentence. He was informed by the magistrate judge at his initial hearing that he was subject to a life sentence if he was convicted and an information alleging two or more felony drug convictions was timely filed. Arreola-Castillo signed a statement at the time of the hearing that he was so advised. In addition, Arreola-Castillo does not argue that he was offered a particular plea deal and declined it because of his attorney's advice.

### K. *Verdict Form*

Arreola-Castillo argues that his counsel was ineffective for not challenging the verdict form. He argues that the verdict form should have required the jury to more specifically determine the amount of marijuana attributable to him.

The form that was used stated that the jury expressly found that Arreola-Castillo conspired to possess with intent to distribute and distributed more than 1000 kilograms of marijuana, as alleged in the Indictment. The verdict form was appropriate, and Castillo has not demonstrated otherwise. Further, Arreola-Castillo was not prejudiced by the use of the verdict form utilized in his case. His life sentence was dictated by the fact of his prior felony drug convictions, not the amount of drugs attributed to him. His counsel was not ineffective for failing to challenge a proper verdict form.

### III. Conclusion

To warrant relief under ' 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. *Davis v. United States,* 417 U.S. 333 (1974); *Hill v. United States,* 368 U.S. 424, 428 (1962). Arreola-Castillo has failed to show either deficient performance or prejudice in his attorney's representation. *See United States v. Gonzalez-Lopez,* 548 U.S. 140, 147 (2006) ("The requirement that a defendant show prejudice in effective representation cases arises from the very nature of the specific element of the right to counsel at issue thereBeffective (not mistake-free) representation. Counsel cannot be 'ineffective' unless his mistakes have harmed the defense (or, at least, unless it is reasonably likely that they have)@).

His attorneys were constitutionally sufficient throughout all proceedings. For the reasons explained above, therefore, Arreola-Castillo is not entitled to relief pursuant to 28 U.S.C. ' 2255. His ' 2255 motion is therefore **denied.**

## IV. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Arreola-Castillo has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED**.

Date: 11/07/2012

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Distribution:**

**All electronically registered counsel**

Jesus Arreola Castillo
31810-051
Victorville Medium Federal Correctional Institution
P.O. Box 3725
Adelanto, CA 92301